IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ERIK YOUNG, § | |
|     PLAINTIFF, § | |
| § | |
| § | CIVIL ACTION NO. _____ |
| VS. § | |
| § | |
| § | |
| § | |
| DOUG HASCALL, Individually, § | |
| HEWLETT PACKARD COMPANY § | |
| AND § | |
| HEWLETT PACKARD § | |
| ENTERPRISE COMPANY § | |
|     DEFENDANTS. § | |

## ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

**NOW COMES NOW ERIK YOUNG**, hereinafter Plaintiff, filing this Original Complaint in which he is complaining of Defendants, DOUG HASCALL ("Hascall"), Individually, HEWLETT PACKARD COMPANY ("HP") and HEWLETT PACKARD ENTERPRISE COMPANY ("HP"). In support of his causes of action, Plaintiff would show this Honorable Court and Jury the following:

### NATURE OF THE CASE

1. This is a proceeding for civil enforcement of lawful rights secured by Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, et seq., as amended, prohibiting certain unlawful employment practices such as Race Discrimination, Workplace Retaliation, state law claims of Libel and Slander pursuant to Texas Civil Practice & Remedies Code § 73.001, and Texas Labor code § 21.051, et seq., as amended.

Page **1** of **13**

## JURISDICTION

2. This jurisdiction of this Honorable Court is invoked pursuant to 28 U.S.C. § 1331 because the issues in this case raise federal questions under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., as amended, and pursuant to 28 U.S.C. § 1367 because the issues in this case raised under Texas Labor code § 21.051, et seq., as amended.

## PARTIES

3. Plaintiff, Erik Young, is an individual who resides in Houston, Harris County, Texas. Plaintiff is a 35 year old African American male and a member of a group protected by Title VII of the Civil Rights Act of 1964. At all relevant times, Plaintiff was an employee within the meaning of the applicable statute.

4. Defendant, Doug Hascall is a manager and employee at HP whose residence is currently unknown. Service of process may be perfected on this Defendant by personal delivery, or any other registered agent or any place this person can be found.

5. Defendant, Hewlett Packard Company and Hewlett Packard Enterprise Company, is a foreign corporation with an active right to transact business recorded with the Texas Secretary of State. Service of process may be perfected on these Defendants by service of citation on its registered agent, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136, its registered officer or any other registered agent or any place this person can be found.

## VENUE

6. Venue is proper in the Southern District of Texas, Houston Division because the causes of action alleged accrued within said district.

## VICARIOUS LIABILITY-RESPONDEAT SUPERIOR

7. Whenever in this pleading it is alleged that Defendants did any act or thing, or failed to

do any act or thing, it is meant that Defendants' officers, owners, servants, employees, or representatives including but not limited to Doug Hascall did such act or thing, or failed to do such act or thing, or that such act or thing or omission was done in the course and scope of that person's employment at Defendant Hewlett Packard, or in the furtherance of Defendants' interests, or with the full authorization, permission, tolerance, and/or ratification of Defendants, or was done by an authorized member of management of Defendant Hewlett Packard or was done in the normal routine of the accepted, tolerated, or permitted conduct, customs, and/or practices of Defendant Hewlett Packard's officers, owners, servants, employees, and/or representatives.

## STATEMENT OF THE CASE

8.  Plaintiff is alleging causes of action for race discrimination and workplace retaliation pursuant to Title VII of the Civil Rights Act.

## CONDITIONS PRECEDENT FOR TITLE VII

9.  All conditions precedent to this Honorable Court's jurisdiction under Title VII, as amended has occurred or has taken place. Plaintiff's charge of discrimination was filed with the Equal Employment Opportunities Commission ("EEOC") on September 02, 2015, within three hundred days of the actionable acts complained of herein and Plaintiff's Original Complaint is being filed within ninety days of Plaintiff's receipt of his right to sue letter issued by the Equal Employment Opportunities Commission.

## STATEMENT OF FACTS AND BACKGROUND

10. Plaintiff, Erik Young ("Young"), an African-American, was employed as an engineer for Defendant Hewlett Packard on August 18, 2008 until he was forced to resign because of discriminatory remarks and inappropriate actions directed towards him, which impacted his

mental state and hindered his promotion, financial advances, and other benefits as his counterparts. Young was one of the very few African American men on HP's team.

11. At the time of Plaintiff's employment, Doug Hascall was Young's manager, who created a hostile work environment and made many of the discriminatory remarks/comments and inappropriate behaviors relating to Treyvon Martin and Michael Brown towards Plaintiff. Hascall is also knowledgeable of Plaintiff's relationship with Treyvon Martin's family and that it was a very sensitive topic for Young. Yet, Hascall still pursued his offensive remarks and actions towards Plaintiff despite knowing that Treyvon Martin's incident is a sensitive topic to Young.

12. Colleagues that were close friends with Hascall also gave Young a hard time. These colleagues included Chris Davenport ("Davenport"), Daniel Galvan ("Galvan"), and Nathan Sibley ("Sibley"). They would also attack Plaintiff with hostile and offensive remarks creating a hostile work environment for Plaintiff.

13. Most of these discriminatory instances were witnessed by several employees. For instance, on or about January 6, 2015, Young was walking towards Hascall and his co-worker, Joey Rainville ("Rainville"). As Young approached them, Hascall stopped, turned to Young and said out loud, "Oh no, Erik's got his hoody on, s**** going down." Hascall started laughing after he made the statement disregarding Plaintiff's feelings. Hascall would repeatedly create hostile situations like this in the work environment towards Young.

14. Other instances also include Hascall calling Young "Treyvon" and exclaiming, "Hands up, don't shoot!" An example of this was on or about December 12, 2014, Young and Rainville were sitting in their cubicle and Hascall stopped by Young's cubicle. Young asked Hascall, "What's up?" and Hascall replies, "Hands up!" and "I can't breathe." Simultaneously, Hascall put his hands up in the air in the same manner as the protestors. These remarks were made in

reference to the Michael Brown shooting. At the time, Rainville was not the only co-worker present, Young's other co-workers, John Santos and Charmal Harris were both present when Hascall made those offensive racial remarks and actions towards Plaintiff.

15. Per a phone conversation with Rainville, Rainville admittedly states to Young, "…I know [Hascall] said that stuff…I think he didn't realize you guys weren't on that level."

16. Aside from the racial comments/remarks and derogatory misconduct, Young was also bullied during meeting on various projects. They would try to make Young look idiotic by slandering his work ethic. While Charles Coffey ("Coffey"), Manny Mendoza ("Mendoza"), and Gordon Chambers ("Chambers") were all in a meeting, they were unaware that Young entered the meeting, Plaintiff heard one them saying amongst each other, "I don't expect much out of this meeting, I heard Erik Young doesn't know what the h*** is going on!" Soon thereafter, someone noticed that Young joined the meeting, and said "Hey guys, Erik joined the meeting."

17. After the meeting, Plaintiff filed a complaint for character defamation to HP's Human Resource. Human Resource gave Young the option to allow Young's manager, Hascall, to contact the parties involved to resolve the matter or to proceed with official Human Resource proceedings. Young did not want the people involved to lose their job; he only wanted them to stop attacking and bullying him. Thus, he chose the manager option.

18. Unfortunately, Hascall never set up any of the meetings that said he would to Plaintiff. After, the unsuccessful follow-ups with Hascall, Young found out that the men involved were actually Hascall's friends.

19. While working in a hostile work environment and being bullied by Young's coworkers and manager, Young also did not receive promotions at the same rate as his peers. Young was denied a promotion in December 2011, December 2012, December 2013, and December 2014.

20. Young knew that his peers would often receive promotions because his peers would casually disclose their pay and promotions to Plaintiff each year.

21. Specifically, persons like: Galvan, who is Hispanic, was promoted from (i) entry level to (ii) experienced and then to (iii) specialist within five (5) years of working at HP. Additionally, persons like Rainville, who is Caucasian, was promoted from (i) entry level to (ii) experienced after one (1) year of working for HP. However, in comparison to Plaintiff, Rainville did not contribute the same amount of work or more as Young. Aaron Rosen ("Rosen"), another employee of HP, received rapid promotions, unlike Young.

22. However, it took Young four (4) years to be promoted from (i) entry level to (ii) experienced. Young was never promoted to (iii) specialist, and in fact, when he was constructively terminated, Young was still at the (ii) experienced level despite his intellectual property contributions made to HP, including the new programs that he created, projects in their final stages of the patent process, and other professional accomplishments for HP.

23. As a result of discrimination against Young, he suffered retaliation and constructive termination.

## CAUSES OF ACTIONS

### A.  TITLE VII RACE DISCRIMINATION AGAINST DEFENDANTS

24. Plaintiff repeats and re-alleges all of the facts set forth above. Plaintiff contends that by the above described actions of the Defendants, the Defendants violated Title VII by discriminating against the Plaintiff on account of his race and/or his race was a motivating factor for the adverse treatment to which he was subjected. Due to the intolerant actions of the Defendants, Plaintiff has suffered damages for which he now sues seeking actual damages, including:

   a. Past lost pay;

   b. Future lost pay;

   c. Front pay;

   d. Future loss of benefits;

   e. Past mental anguish;

   f. Future mental anguish;

   g. Past emotional pain and suffering;

   h. Future emotional pain and suffering;

   i. Past inconvenience;

   j. Future inconvenience;

   k. Past loss of enjoyment of life;

   l. Future loss of enjoyment of life;

   m. Reduction in his standard of living for which he seeks compensatory damages in an amount to be determined by the court and jury; and

   n. All other damages allowed by law, including reasonable attorney's fees.

### B. TITLE VII WORKPLACE RETALIATION AGAINST DEFENDANTS

25.   Plaintiff repeats and re-alleges by reference each and every allegation contained in the paragraphs above and incorporates the same herein as though fully set forth. Under a Title VII retaliation claim, constructive discharge is present where Young can show that he was discriminated by his employer to the point where a reasonable person in his position would have felt compelled to resign. *See Green v. Brennan,* 136 S.Ct.1769, 1777 (2016).  Here, Young has demonstrated that he was not promoted nor given pay raises at the same rate as his less skilled, lower performing, non-African American counter-parts despite his exceptional skills for his position at HP and his contributions to HP, including his intellectual property. Again, it took four

(4) years for Young to receive a promotion from (i) entry level to (ii) experienced level despite his immediate contributions to HP. Furthermore, the courts have found unequal pay coupled with other factors, like failure to promote, may be sufficient to show constructive discharge. *See Jurgens v. EEOC,* 903 F.2d 386, 391 (5th Cir. 1990). Further the 5th Circuit considers several different factors when considering constructive discharge, one specifically being, badgering, harassment, or humiliation by the employer. *See Tex. State Office of Admin. Hearings v. Birch,* No. 04-12-00681-CV, 2013 Tex. App. LEXIS 9065, at *19-20 (App. July 24, 2013). Each act of retaliation is in violation of Title VII's anti-retaliation provision. The above-described acts on Defendants' part were undertaken in violation of Title VII and proximately caused Plaintiff's substantial injuries and damages. 42 U.S.C. § 2000e-3(a).

### C. STATE LAW CLAIM: RACE DISCRIMINATION

26. According to Texas Labor Code § 21.051, an employer commits an unlawful employment practice if because of race the employer classifies an employee in a manner that would adversely affect the status of an employee. Plaintiff repeats and re-alleges all of the facts set forth above. Plaintiff contends that by the above described actions of the Defendants, the Defendants violated this statute by discriminating against the Plaintiff on account of his race and/or his race was a motivating factor for the adverse treatment to which he was subjected.

Due to the intolerant actions of the Defendants, Plaintiff has suffered damages for which he now seeks, afforded to him by §§ 21.258, 21.2585, & 21.259 of the Texas Labor Code which includes the following:

      a. Past lost pay;

      b. Future lost pay;

      c. Front pay;

    d. Future loss of benefits;

    e. Past mental anguish;

    f. Future mental anguish;

    g. Past emotional pain and suffering;

    h. Future emotional pain and suffering;

    i. Past inconvenience;

    j. Future inconvenience;

    k. Past loss of enjoyment of life;

    l. Future loss of enjoyment of life;

    m. Reduction in his standard of living for which he seeks compensatory damages in an amount to be determined by the court and jury; and

    n. All other damages allowed by law, including reasonable attorney's fees.

## D. STATE LAW CLAIM: SLANDER AND LIBEL AGAINST DEFENDANTS

27. Plaintiff repeats and re-alleges by reference each and every allegation contained in the paragraphs above and incorporates the same herein as though fully set forth. During Plaintiff time of working with Defendants, Plaintiff was wrongfully accused of not being proficient and knowledgeable in his expertise. Moreover, Plaintiff had false statements made about him to his detriment. Each act mentioned above is in violation of Tex. Civ. Prac. & Rem. Code § 73.001, based on but not limited to the following:

    a. Written or expressed words that are false by fact, that tend to injure a person's reputation because they are published to a third party and/or,

    b. Exposing a person to public hatred, contempt or ridicule, or financial injury and/or,

    c. Such words impeach any person's honesty integrity, virtue, or reputation and/or,

  d. That when publishing any natural defects of anyone and thereby exposing them to public hatred, one may face contempt or ridicule.

## PUNITIVE DAMAGES

28. Defendants, DOUG HASCALL and HEWLETT PACKARD ("HP") acts described above, when viewed from the standpoint of Defendant, HEWLETT PACKARD ("HP"), at the time of the acts, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff.  Defendant, HEWLETT PACKARD ("HP"), had actual subjective awareness of the risk involved in the above described acts, but nevertheless proceeded with conscious indifference to the rights of the Plaintiff.

Based on the facts stated, herein, Plaintiff requests punitive damages be awarded from Defendant, HEWLETT PACKARD ("HP").

## ATTORNEY'S FEES

29.  Pursuant to Title VII, and Texas Labor Code § 21.259, Plaintiff sues the Defendants for all reasonable attorney's fees and cost incurred in the prosecution of this suit.

## JURY DEMAND

30. Plaintiff requests that this action be heard before a jury.

## DAMAGES

31. Defendants' conduct constitutes violations of statutory law.  Such unlawful conduct seriously affected Plaintiff in his occupation, trade, and business.  Because of Defendants' unlawful conduct, Plaintiff has suffered, suffers and will continue to suffer humiliation, mental anxiety and stress and other damages. Plaintiff has suffered direct injury as a proximate result of the unlawful discriminatory practices, policies and procedures of Defendants.  Plaintiff seeks all general, special and incidental and consequential damages in an amount to be proved at trial.

Because of Defendants' unlawful and tortious conduct, it has been necessary for Plaintiff to retain the undersigned attorneys to represent him in these causes of actions. Plaintiff has agreed to pay his attorneys' fees for the preparation and trial of these causes.

32. Additionally, Plaintiff has incurred out-of-pocket expenses, which include litigation costs and other expenses to preserve their ability to earn a living. Accordingly, Plaintiff seeks all general, special, incidental and consequential damages as shall be proven at trial.

33. Further, Plaintiff seeks pre-judgment interest at a rate commensurate with the actual rate of interest in the marketplace or alternatively, the statutory rate of interest because of the delay in receiving the damages and to avoid unjust enrichment to Defendants. Plaintiff also seeks post-judgment interest at the maximum rate allowed by law in the event that Defendants does not promptly tender damages assessed against them and to avoid unjustly enriching Defendants.

## **PRAYER**

34. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully invokes the remedial powers of the court, and prays that Defendants be cited to appear herein, and after trial by jury, this Court enters a judgment against Defendants:

    a. Declaring that the acts and practices complained of herein are in violation of the above applicable statutes;

    b. Enjoining and permanently restraining these violations of the above applicable statutes;

    c. Defendants be ordered to compensate Plaintiff for all losses and award him compensatory and punitive damages, reimburse, and make Plaintiff whole for any and all past, future loss, wage, and benefits Plaintiff would have received had it not been for Defendant's illegal action including, but not limited to, past

lost pay, future loss wages, front pay and benefits, training, promotions, and seniority.  Plaintiff further ask that he be awarded all benefits illegally loss from the present to the date of his retirement;

d. Defendants be ordered to compensate Plaintiff for past and future mental anguish and humiliation;

e. Awarding Plaintiff pre-judgment and post-judgment interest at the maximum legal rate;

f. Reasonable attorneys' fees, with conditional awards in the event of appeal;

g. Punitive damages in an amount above the minimum jurisdictional limit of the Court;

h. Costs of court and expert witness fees incurred by Plaintiff in the preparation and prosecution of this action;

i. The court grants such additional equitable and legal relief as is proper and just; and

j. The court award to Plaintiff costs and expenses of this action and award to Plaintiff reasonable attorney fees according to law.

        Respectfully submitted,

        THE COX PRADIA LAW FIRM PLLC

        By:  **/s/ Troy J. Pradia**
              Troy J. Pradia
              Texas Bar No. 24011945
              Fed. Bar No. 30260
              1415 N. Loop West, Ste. 200
              Houston, Texas  77008
              Tel. 713.739.0402
              Fax 713.752.2812

        **ATTORNEY FOR PLAINTIFF**